STATE OF MAINE
Sagadahoc, ss.

SUPERIOR COURT

R.A. CUMMINGS, INC.
d/b/a Auburn Concrete

Plaintiff

v.

Docket No. BATSC-CV-09-31

TOWN OF WEST BATH

Defendant

## ORDER ON PLAINTIFF'S MOTION
## FOR DISCLOSURE OF EXHIBIT 22

Plaintiff R.A. Cummings, Inc. has moved to compel the Defendant Town of West Bath to disclose a document marked as Exhibit 22 for purposes of the deposition upon oral examination that the Plaintiff took of John Rand, an expert witness for the Defendant. The Town withheld Exhibit 22 from disclosure on the basis that it is attorney-work product. Counsel for the parties agreed to waive oral argument on the basis that the court could decide the Plaintiff's motion through *in camera* review of the disputed document in light of the applicable discovery rule.

The applicable rule provides that otherwise discoverable material is exempt from discovery if it is prepared in anticipation of litigation or trial by a party or the party's representative, including an attorney, unless the requesting party shows a substantial need for the material and also that it cannot obtain the material (or its substantial equivalent) by other means without undue hardship. *See* M.R. Civ. P. 26(b)(3).[1] Even when the requesting party makes the required showing, the same rule requires the court to protect against disclosure of the mental theories and impressions of a party's attorney. *Id.*

Plainly, Exhibit 22—a letter from Defendant's counsel to Defendant's expert— qualifies as material prepared in anticipation of trial by a party representative. Part of the exhibit lists the documents provided by Defendant's counsel to Mr. Rand, but Defendant's objection asserts that the Plaintiff was able to examine Mr. Rand's file and see those documents. Therefore, Defendant has already obtained the substantial

---

[1] Rule 26(b)(3) is expressly made subject to the rule on expert witness discovery, but nothing in the latter diminishes the protections established in the former. *Compare* M.R. Civ. P. 26(b)(3) *with id.* 26(b)(4). Moreover, as Defendant has pointed out, the analogous federal rule has been amended to limit severely the scope of discovery as to material provided to a party's designated expert witness by an attorney for the party, so the Plaintiff's federal authority is unpersuasive.

1

equivalent of this aspect of Exhibit 22 by other means and does not need the exhibit for this purpose. The substantive remainder of Exhibit 22 encompasses a summary of the impressions of the Defendant's attorney regarding the views of Dwight Doughty of the Maine Department of Transportation. This order identifies Mr. Doughty because there is no indication in the present record that the Plaintiff has or could obtain his identity as a potential witness or source of relevant information by any other means. However, the Plaintiff can obviously ascertain Mr. Doughty's views by contacting him, and does not need access to the Defendant's attorney's impressions of Mr. Doughty's viewpoint to get that information. Moreover, the Defendant's attorney's impressions would appear to be irrelevant.

For these reasons, except for the identity of Mr. Doughty, the court concludes that the Defendant has not made a showing of substantial need for, or inability to obtain, the substantial equivalent of the content of Exhibit 22 by other means without undue hardship.

IT IS ORDERED AS FOLLOWS: Defendant's Motion for Disclosure of Exhibit 22 is granted to the extent set forth in this Order, and is otherwise denied. The photocopy of Exhibit 22 that Defendant submitted for *in camera review* will not be disclosed to Plaintiff and will be retained as confidential in the court's file.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated 9 March 2011

A. M. Horton
Justice

2